IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHARLOTTE A. STRICKLAND                                              PLAINTIFF

V.                                      NO. 09-1028

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                   DEFENDANT

**O R D E R**

    Plaintiff, Charlotte A. Strickland, appealed the Commissioner's denial of benefits to the Court. On April 16, 2010, a Judgment was entered remanding Plaintiff's case to the Commissioner, pursuant to sentence four of 42 U.S.C. §405(g). (Doc. # 10). Plaintiff now moves for an award of $3,969.00 in attorney's fees, under 28 U.S.C. §2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 22.05 attorney hours of work before the Court at an hourly rate of $180.00 per hour for work done in 2009 and 2010, and for costs in the amount of $350.00 and $17.30 in expenses. (Doc. #11). Defendant has filed a response to Plaintiff's application, objecting to the hourly rate and number of hours sought. (Doc. # 14).

    Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for

the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting

statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's counsel requests an award under the EAJA at an hourly rate of $180.00 for time spent in 2009 and 2010, for a total of 22.05 hours, which he asserts he devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437. Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a Consumer Price Index (CPI) in support of his requested hourly rate. The Court finds that an award based upon an hourly rate of $174.00 per hour, reflecting an increase in the cost of living,[1] is appropriate in this instance. See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent

---

[1] In accordance with General Order No. 39, we have calculated the cost of living based on the Consumer Price Index for the South. We believe that routine application of this standard will result in consistent hourly fee awards in the Western District of Arkansas. See Johnson, 919 F.2d at 505.

in this matter.

Plaintiff's counsel seeks .50 hours for dictation of and preparation of the contract of employment for administrative services. Time spent at the administrative level is not compensable under the EAJA. See Cornella v. Schweiker, 728 F.2d 978, 988-89 (8th Cir. 1984). Plaintiff's counsel also seeks 2.25 hours for time spent for preparation of summonses to the Attorney General, U.S. Attorney and Commissioner, preparation of restricted delivery letters, and electronically filing the complaint and summons. All of these activities are clerical in nature, and not compensable under the EAJA. Granville House, Inc. V. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987). Therefore, 2.75 hours will be deducted.

Plaintiff's counsel seeks 1.00 hour for preparation of a letter to the U.S. District Clerk, a Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction, and a letter to Plaintiff. Plaintiff's counsel is an experienced attorney who, by his own affidavit, states that he has practiced law since 1981 and that such practice has included representing claimants in social security cases. Furthermore, there were no unique or complex issues to be developed in this particular case. This activity should have taken no more than .50 hours. Therefore .50 will be deducted.

Plaintiff's counsel seeks 1 hour for reviewing the answer to the complaint. The answer filed in this matter was 2 ½ pages in length, and should have taken no more than .25 hours. The amount of .75 hours will be deducted.

Plaintiff's counsel seeks .50 hours to prepare a motion for extension of time to file his brief. The motion was 1 ½ pages in length and should have taken Plaintiff's counsel no more than .25 hours. The amount of .25 hours will be deducted.

AO72A
(Rev. 8/82)

Plaintiff seeks .50 hours for preparation of a letter to Plaintiff, with a copy of Defendant's brief. This should have taken no more than .25 hours. The amount of .25 hours will be deducted.

Plaintiff seeks .50 hours for preparation of a letter to Plaintiff, with "a copy of brief." This should have taken no more than .25 hours. The amount of .25 hours will be deducted.

Plaintiff seeks .60 hours for review of Defendant's ten page brief and a review of Plaintiff's original brief, as well as for the act of dictating a letter to the Court informing the Court that he did not intend to submit a reply brief. This should have taken no more than .35 hours, and the amount of .25 hours will be deducted.

Plaintiff's counsel seeks 1.10 hours for reviewing the remand order and for a telephone conversation with Plaintiff. This should have taken no more than .60 hours. The amount of .50 hours will be deducted.

Plaintiff's counsel seeks a total of 2.60 hours for preparation of the motion for attorney's fees, which was 2 ½ pages in length, and for research and preparation of the supporting brief, which was 2 ½ pages in length. This should have taken no more than 1.60 hours, and the amount of 1.00 hours will be deducted.

Based upon the foregoing, the Court finds that Plaintiff is entitled to an attorney's fee award under the EAJA for: 15.55 hours (22..05 hours minus 6.5 hours) at a rate of $174.00 per hour, for a total attorney's fee award of $2,705.70, plus $350.00 in filing fees as costs, and $17.30 for postage as expenses. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account

AO72A
(Rev. 8/82)

at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

  IT IS SO ORDERED AND ADJUDGED this 16th day of August, 2010.

          */s/ Erin L. Setser*
          HON. ERIN L. SETSER
          UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)