IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHARLOTTE A. STRICKLAND                                                            PLAINTIFF

V.                                           NO. 09-1028

MICHAEL J. ASTRUE,
Commissioner of Social Security Administration                                     DEFENDANT

# O R D E R

On February 21, 2011, Plaintiff's counsel filed a **Motion for an Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 16),** requesting 25% of Plaintiff's past-due benefits based upon a contingency-fee agreement. The Commissioner responded, noting that Plaintiff's counsel did not provide a detailed itemization of the 30.85 hours he allegedly spent representing Plaintiff in federal district court, and asserting that such an itemization would assist the Court in determining the reasonableness of counsel's fee request. The Commissioner further asserted that it generally considers a fee of no more than double a claimant's attorney's hourly non-contingency rate to be reasonable. (Doc. 18). Plaintiff's counsel thereafter filed **Motions to Amend (Docs. 19, 20)** his attorney's fee motion, attaching the detailed itemization.

The Court hereby **GRANTS** Plaintiff's counsel's **Motions to Amend (Docs. 19, 20)**, and will consider the attached detailed itemization.

**Procedural Background**:

Plaintiff, Charlotte A. Strickland, appealed the Commissioner's denial of benefits to this Court. On April 16, 2010, this Court entered Judgment, remanding Plaintiff's case to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings. (Doc.

10). Plaintiff's counsel thereafter moved for an award of fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). (Doc.11). Counsel's request was granted on August 16, 2010, and the Court awarded counsel fees under the EAJA in the amount of $ 2,705.70 for 15.55 hours of work before this Court. (Doc. 15). Following remand, the ALJ determined that Plaintiff was entitled to benefits and Plaintiff was awarded $63,580.00 in past-due benefits. The Commissioner has withheld 25%, or $15,895.00, of that amount for potential attorney fees. From that withheld amount, Plaintiff's counsel has already been awarded $5,300.00 for work performed at the administrative level. Further, Plaintiff's counsel acknowledges that he must refund to the Plaintiff the previously received EAJA fee award of $2,705.70.

**Discussion:**

Attorneys representing successful Social Security claimants may seek fees under both the EAJA and § 406(b). Under § 406(b), "the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits to which the claimant is entitled by reason of such judgment." Fees paid pursuant to § 406(b) are paid from the claimant's past-due benefits.

Under the EAJA, a Social Security claimant may be awarded fees payable by the United States if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are paid with agency funds and are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate. See 28 U.S.C. § 2412(d)(1)(B).

Fee awards may be made under both § 406(b) and the EAJA, but the claimant's attorney must refund to the claimant the amount of the smaller fee. See Gisbrecht v. Barnhart, 535 U.S.

789, 796 (2002) (quoting Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186.) "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Id. at 796-97.

In reviewing Plaintiff's counsel's request for fees under § 406(b), the Court must first look to the contingent fee agreement to determine whether it is within the twenty-five percent boundary set by the statute. Plaintiff's counsel has submitted a contingent-fee agreement signed by Plaintiff on June 15, 2009, providing that, if successful, Plaintiff's counsel "shall be paid 25% (1/4) of all past-due benefits from both Title II (DIB) and Title XVI (SSI) paid to me and any dependents eligible to receive benefits on my record." (Doc. 16-2). Thus, the fee agreement does not exceed the statutory ceiling.

The Court must next conduct an "independent check" to ensure that the fee sought is reasonable in light of the services rendered. See Gisbrecht, 535 U.S. at 807. When considering a fee award, the Court must balance two important policy concerns. On the one hand, attorneys face a risk of nonpayment if their clients are not awarded Social Security benefits and fee awards should be substantial enough to encourage attorneys to accept that risk. See Wyles v. Astrue, 2009 WL 4730686, *3 (E.D. Ar. Dec. 3, 2009). On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award, from which, § 406(b) fees are deducted. Id.

In Gisbrecht, 535 U.S. at 808, the Supreme Court provided examples of factors to consider in determining whether a requested fee is reasonable:

(1) The Court may consider the character of the representation and the results achieved. Id.

(2) A reduction may be appropriate if the attorney was responsible for delaying the progress of the case, as the attorney should not profit from the accumulation of benefits during the delay. Id.

(3) If the benefits are large in comparison to the amount of time Plaintiff's attorney spent on the case, a reduction may be warranted to prevent a windfall to the attorney. In this regard, while the Supreme Court in Gisbrecht disapproved of courts relying exclusively on the lodestar method in determining a reasonable fee award under § 406(b), it expressly stated that a court "may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Id. Thus, as the Fifth Circuit Court of Appeals has interpreted Gisbrecht:

> [D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute *the* basis for an 'unreasonable' finding.... [T]he district court must also articulate the factors that demonstrate to the court that the fee is unearned. Specifically, the district court must discuss the factors that demonstrate that the success on appeal is not of the attorney's making, but rather, is attributable to some other source for which it would be unreasonable to compensate the attorney. Jeter v. Astrue, 622 F.3d 371, 381 (5th Cir. 2010).

Plaintiff's attorney has the burden of "show[ing] that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807. With regard to the first factor mentioned above,

AO72A
(Rev. 8/82)

Plaintiff's attorney states that he has practiced law for 30 years and has substantial experience in handling Social Security cases. Further, Plaintiff's attorney effectively represented Plaintiff, resulting in Plaintiff ultimately being awarded substantial past-due benefits, as well as future benefits. The Court notes that, according to Plaintiff's counsel, Plaintiff filed the application for benefits at issue in 2004; thereafter, there were two hearings before an administrative law judge, two appeals to the Appeals Council, an appeal to this Court, and, following a remand by this Court, another hearing before an administrative law judge, which ultimately resulted in Plaintiff being awarded benefits in 2010, nearly six years after filing her application. Plaintiff would have been unsuccessful without judicial review, and thus, counsel's efforts before this Court were indeed of value to Plaintiff. Further, given that Plaintiff was twice denied benefits at the administrative level, counsel certainly bore the risk that he would not win an award for his client and, thus, would not be paid.

With regard to the second factor, there is no indication that Plaintiff's attorney engaged in any dilatory tactics which impeded the progress of Plaintiff's case.

With regard to the third factor, Plaintiff's attorney states that his regular hourly rate is $250.00, and that in social security cases, when he wins a contingent fee case, he expects to receive more than his regular hourly rate in order to compensate him for the risk of non-recovery. (Doc. 16-5). He further states that the fees customarily charged in the locality for similar legal services range from $150.00 per hour to $400.00 per hour. (Doc. 16-5). Plaintiff's attorney states that he spent 30.85[1] hours representing Plaintiff at the district court level. As noted above, 25% of

---

[1] Plaintiff's counsel actually itemized only 22.65 hours of his work. The remaining 8.2 hours were simply added on in handwriting, with no description of the work performed during these hours. Counsel is cautioned to itemize all time entries in future cases or else the Court, in making its determination of the reasonableness of the fee, may refuse to consider

Plaintiff's past-due benefits equates to $15,895.00. As Plaintiff's attorney has already been awarded $5,300.00 for work performed at the administrative level, the amount remaining that may be awarded by this Court is $10,595.00. Awarding this amount for 30.85 hours of work would equate to an hourly rate of approximately $343. This appears reasonable given counsel's hourly rate in noncontingent-fee cases and what he represents to be the fees customarily charged by other local attorneys for similar services. Further, this rate is within the realm of what the Commissioner generally considers to be reasonable, as it is less than twice counsel's noncontingent hourly rate.

**Conclusion:**

Based on the foregoing, Plaintiff's counsel's **Motion for an Award of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)  (Doc. 16)** and **Motions to Amend (Docs. 19, 20)** are **GRANTED.** The Court hereby awards Plaintiff's counsel's $10,595.00 in attorney's fees for work performed before this Court pursuant to 42 U.S.C. § 406(b). Plaintiff's counsel is directed to remit to Plaintiff the smaller fee awarded to Plaintiff's attorney pursuant to the EAJA in the amount of $2,705.70.

IT IS SO ORDERED this 12th day of July, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

such entries.